1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   DIANE ROLDÁN (Cal. Bar No. 288224)
4  Assistant United States Attorney
   General Crimes Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-6567
7       Facsimile: (213) 894-0141
        Email:     diane.roldan@usdoj.gov
8
   Attorneys for Respondent
9  B. BIRKHOLZ, Warden

10                    UNITED STATES DISTRICT COURT

11                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  FRANCISCO J. MARTINEZ BECERRA, | No. 2:24-CV-04273-MRA-SP |
| 13            Petitioner, | RESPONDENT'S MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS |
| 14       v. | CORPUS PURSUANT TO 28 U.S.C. § 2241; DECLARATION OF |
| 15  B. BIRKHOLZ, WARDEN FCC LOMPOC, | DANIELLE ROGOWSKI |
| 16            Respondent. | |

17

18       Respondent B. Birkholz, Warden of the Federal Correctional

19  Institution in Lompoc, California, by and through his counsel of

20  record, the United States Attorney for the Central District of

21  California and Assistant United States Attorney Diane Roldán, hereby

22  files this Motion to Dismiss Petitioner Francisco J. Martinez

23  Becerra's (Register Number 94617-008) petition for writ of habeas

24  corpus pursuant to 28. U.S.C. § 2241 (see Dkt. 1).

25       This Motion to Dismiss is based on the attached memorandum of

26  points and authorities, the attached declaration of Danielle

27  Rogowski ("Rogowski Decl.") and accompanying exhibits, and

28

accompanying exhibits, the files and records in this case, and such other evidence or argument as may be requested by the Court.

Dated: July 26, 2023						Respectfully submitted,

								E. MARTIN ESTRADA
								United States Attorney

								      /s/
								DIANE ROLDÁN
								Assistant United States Attorney

								Attorneys for Respondent
								B. BIRKHOLZ, Warden

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Petitioner Francisco J. Martinez Becerra, pro se, is an inmate subject to a final order of removal seeking release from custody. (See Dkt. 1 at 1, 5.) His petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenges the Federal Bureau of Prisons' ("BOP") determination that, under the First Step Act ("FSA"), Petitioner is ineligible to apply FSA time credits ("FTCs") towards his early release from custody. (Id.) Petitioner, however, has failed to exhaust his administrative remedies; as a result, the Court should dismiss the Petition.

**II.  STATEMENT OF FACTS**

**A.   Criminal Conviction and Sentence**

In 2012, Petitioner pled guilty to Illegal Re-entry of a Previously Deported Alien, in violation of 8 U.S.C. § 1326(B), and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841. See United States v. Martinez-Becerra, 6:11-cr-00072-RAW (E.D. Okla. Sept. 7, 2012), Dkts. 38, 51. He was sentenced to 188 months of imprisonment and four years of supervised release. Id., Dkt. 51.

Petitioner is currently housed at the Federal Correctional Institute at Lompoc, California. (Rogowski Decl. ¶ 3(b).) His projected release date is July 11, 2025, assuming he earns all remaining available Good Conduct Time credits. (Id. ¶ 3(c), Ex. 1 at 4.)

**B.   Petitioner is Subject to a Final Order of Removal**

Well before petitioner's 2012 conviction, on July 27, 1998, an immigration judge issued a final order of removal regarding

1

Petitioner ("Removal Order"), under his name (Francisco Javier Martinez-Becerra) and A-Number (A092-571-674). (Id., Ex. 3.) On July 22, 2024, the Department of Homeland Security ("DHS") issued a Notice of Intent/Decision to Reinstate Prior Order ("Notice of Reinstatement") regarding Petitioner. (Id., Ex. 4.) Pursuant to the Notice of Reinstatement, DHS has determined that Petitioner "is subject to removal through reinstatement of the prior order." (Id.) See also 8 U.S.C. § 1231(a)(5) (following a reinstatement notice, "the alien shall be removed under the prior order at any time after the reentry").

### C. Petitioner Failed to Exhaust Administrative Remedies

BOP's administrative remedy process is "well-established." United States v. Wilson, 503 U.S. 329, 336 (1992). It involves four steps. 28 C.F.R. §§ 542.10-542.19. (See Rogowski Decl. ¶ 11.) First, inmates must seek an informal remedy from staff. 28 C.F.R. § 542.13(a) ("BP-8"). Next, they may seek a formal administrative remedy from the Warden. Id. § 542.14(a) ("BP-9"). If they are dissatisfied with their Warden's response, inmates may appeal to the Regional Director. Id. § 542.15(a) ("BP-10"). As a final step, inmates may appeal to the BOP's Office of General Counsel. Id. ("BP-11"). An inmate must complete each step to exhaust the remedy process. Id. §§ 542.15(a), 542.18.

Inmates may receive help throughout this process. "An inmate may obtain assistance from another inmate or from institution staff in preparing a Request or an Appeal. An inmate may also obtain assistance from outside sources, such as family members or attorneys." Id. § 542.16(a). Further, BOP staff make additional assistance available "for inmates who are illiterate, disabled, or

who are not functionally literate in English." Id. § 542.16(b). "Inmates have the responsibility to use this [administrative process] in good faith and in an honest and straightforward manner." Id. § 542.11(b).

As of the time of this filing, Petitioner has not submitted any administrative remedy requests related to his eligibility to apply FTCs. (Rogowski Decl. ¶ 12.) Thus, Petitioner has neither completed nor begun the BOP's formal review process.

### D. **BOP Has Not Applied FTCs Because Petitioner Is Ineligible**

The First Step Act ("FSA") of 2018 enacted several prison and sentencing reforms. One of those reforms required the Attorney General to provide evidence-based recidivism reduction programs or productive activities to prisoners. See 18 U.S.C. § 3632(a). Under the FSA, prisoners may *earn* time credits ("FTCs") by successfully participating in such programs and activities. Id. § 3632(d)(4)(A). Once inmates earn FTCs, they may *apply* those credits towards early release, if they are eligible. Id. § 18 U.S.C. § 3632 (d)(4)(C).

The FSA limits which inmates may apply FTCs. Among other exclusions, the FSA expressly prevents prisoners with a final order of removal from an immigration judge from applying FTCs towards early release. Id. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)).").

Petitioner suggests that he had "365 days of [FSA] earned time credit *applied* to his release date which modified Petitioner's release date to July 11, 2024." (Petition at 4 (emphasis added).)

3

Petitioner's date and source for this claim are unclear.  According to BOP records, Petitioner's projected release date is July 11, 2025 (not 2024), which does not include any applied FTCs.  (Rogowski ¶ 3(c), Ex. 1 at 4.)  As of June 30, 2024, BOP's "FSA Time Credit Assessment" report for Petitioner reflects that he "Cannot apply FTC[s]" and thus none have been applied.  (Id., Ex. 2 ("Apply FTC to Release: No.").)  BOP determined that Petitioner is ineligible to apply FTCs, including those he has earned through programming, because he is subject to a final order of removal.  (Id. ¶ 8.)

**III. LEGAL ARGUMENT**

The Court should deny the Petition as premature because Petitioner has not exhausted his administrative remedies.[1]  "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012), citing Castro-Castro v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006).

The exhaustion requirement allows agencies to develop a factual record and correct their own errors, thereby conserving court resources.  See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  For these reasons, "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either

---

[1] The Petition also fails on the merits because the FSA expressly bars the application of FTCs for inmates, like Petitioner, who are subject to a final order of removal.  See 18 U.S.C. § 3632(d)(4)(E)(i); Rogowski Decl., Ex. 3 (final order of removal).  Pursuant to the Court's standing order (Dkt. 4, ¶ 3), the government reserves this argument for an Answer, if required.

4

dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160-61 (9th Cir. 2011).

Petitioner admits he filed his Petition without attempting to complete BOP's administrative remedy process. (Rogowski Decl. ¶ 6(b), Ex. 5; see also Petition at 4.) District courts routinely dismiss challenges to BOP's FTC determinations due to the petitioner's failure to exhaust remedies. See, e.g., Cetina v. Warden, No. 2:23-cv-10863-MCS-PD, (C.D. Cal. May 31, 2024), Dkts. 10, 12; Guijaro v. Doerer, No. 5:23-cv-00537-JAK-RAO (C.D. Cal. June 23, 2023), Dkts. 7, 12; Hinton v. Birkholz, No. 2:22-cv-07755-ODW-AFM (C.D. Cal. Jan. 18, 2023), Dkts. 8, 9. This Petition should likewise be dismissed for failure to exhaust administrative remedies. Petitioner's challenges to his FTC illegibility are best directed to BOP first.

Nor would the administrative remedy process be "futile," as Petitioner argues. See Petition, p. 4; see also Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) ("The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."). Courts require prudential exhaustion when:

(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;

(2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

(3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Hernandez, 872 F.3d at 988.

Prudential considerations weigh strongly in favor of requiring exhaustion for individualized FTC determinations. Determining "earned time credit under the FSA falls squarely within the BOP's expertise, so it should be afforded the opportunity to resolve the issue before it is raised with the court." Doerer, Dkt. 7, at *3-4. Moreover, questions regarding "whether [FSA] credits should have already been calculated and applied are exactly the types of factual questions that extend beyond statutory construction and require a developed record for this Court to consider." Alcaras v. Thompson, No. 2:21-cv-01767-KJM-DMC-P (E.D. Cal. Aug. 1, 2022) (Dkt. 11 at *3) (comma omitted). The administrative remedy process encourages "the agency to correct its own mistakes," if any, and develop the record further. Hernandez, 872 F.3d at 988. Permitting Petitioner to "deliberate[ly] bypass" (see id.) this system is inefficient and may leave the Court with an incomplete record.

Rather, Petitioner should be required to proceed through the administrative process. This process remains available to Petitioner, beginning with informal resolution (BP-8), and proceeding to a determination by the BOP's Office of General Counsel. See 28 C.F.R. §§ 542.10-542.19.

**IV. CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that this Court to dismiss the Petition.